# IN THE WESTERN DISTRICT FEDERAL COURT OF JACKSON COUNTY OF MADISON TENNESSEE

Dameion Buckley

.

COURT #_____

Reference Henderson County

General Session Court Docket case # 97865 & Circuit case #24024-2

MOTION OF WRIT PUR 18 U.S.C.1513

Vs

Henderson County Sherriff's Department

Officer Zachary Jeans et al.

## MOTION OF WRIT

Now comes Plaintiff Dameion Buckley requesting dismissal asserting T.C.A. 39-16-503, providing facts of Officer Zachary Jeans fail to mention with the police report deterring plaintiff form a fair trial. General Session case #97865 (1) charge, while being indicted illegally leading to (2) charges #24024-2. The plaintiff receiving no

response from The Circuit Court of Henderson County of Lexington Tennessee at 170 Justice Drive Lexington, TN 38351 case #24024-2 after filing a de novo https://photos.app.goo.gl/uwkf18qZ9i9g2qaq6 on November 27th 2023 asserting Factual testimonials that the defendant was bonded out to appear in court December 15th in circuit court bond agreement https://photos.app.goo.gl/8BXbdg4tLXdRDf8N6 and was not even on the docket for hearing on the 15th day of December 2023 at 1:00 p.m. located at the Circuit Courts in Henderson County of Lexington Tennessee. **following an Amendment De Novo on December 15th** https://photos.app.goo.gl/9ZzwApsUwhM2tR85A **according to**

**T.C.A 27-4-108**

## Factual General Sessions Statements of Jenesa Camper & Kelsey Arnold Testimonial with Federal Question

District Court may act within original jurisdictions according to T.C.A 27-5107-(Affirmance) The Plaintiff making a strong claim that Officer Zachary Jeanes of the Henderson County Sheriff's Department and his accomplices violated the 5th, 10th, and 14th amendments during the arrest following September 30, 2023, & proceedings of the Henderson County General Session Court docket # 97865. Spoliation of evidence is the intentional or negligent alteration, hiding,

withholding, or destruction of pieces of evidence relevant to a trial by a party connected to the case which is based on claims provided Pursuant T.C.A. 16-15-721 https://photos.app.goo.gl/DGv1jMo2biMvg6xMA (omitted facts) Deterring Dameion Buckley from having a fair trial due to hampering with evidence in which officer admits picking door handle up yet never even mention in police report. ineffective assistance of counsel depriving defendants of 5th, 10th, and 14th amendments.  Facts also rely on Jenesa Camper (property owner) & Kelsey Arnold (aggressor) admitted that I did not assault him nor was it intentionally https://photos.app.goo.gl/pYVqqkVosLdUnBVA7  and phone number within hyper link. Officer Zachary Jeanes of the Hendeson County Sheriff's Department admits to picking the car door handle up in his possession, testimonial **view** https://photos.app.goo.gl/DGv1jMo2biMvg6xMA yet it was not even in evidence or even mentioned in report. Which brings us to acknowledge that?
 Officer Zachary Jeans of the Henderson County Sheriff's Department and his accomplices violated the 5th, 10th, and 14th amendments during the arrest following September 30, 2023, arrest, also within the proceedings of the Henderson County General Session Court docket # 97865. Spoliation of evidence is the intentional or negligent alteration, hiding, withholding, or destruction of pieces of evidence relevant to a trial by a party connected to the case **The** defendant

asserts Self-Defense under T.C.A 39-11-611, the defendant was in fear for his life. The defendant has sought out a Circuit Court appeal process according to T.C.A 25-5-108 (**1**) Any party may appeal from a decision of the general sessions court to the circuit court of the county within ten (10) days of complying with this chapter. The circuit court is a court of **general jurisdiction,** and the judge thereof shall administer right and justice according to law, in all cases where the jurisdiction is not conferred upon another tribunal. (Section 16-501, Tennessee Code Annotated) Acting with the jurisdictions exercises all rights and Authorities to allow evidence within case # 97865 providing that the Defendant Dameion Buckley was in fear of his life asserting T.C.A 39-11-611 (SELF-DEFENSE). The defendant requested postconviction relief with any records of this case and a no-contact order within the Courts against Kelsey Arnold also dismissed in acts Officer hampering with vital evidence proving Plaintiff was alluding violent acts only providing acts of self-defense. Yet no response has been given in the following months awaiting response. **Federal Question:** Why wasn't the Plaintiff's Door Handle mentioned in the Police report? Also deterring Plaintiff from a vital defense

https://photos.app.goo.gl/DGv1jMo2biMvg6xMA

## JURISDICTION HISTORY & PARTIES

The plaintiff was invited over by Property Owner Jenessa Camper. Defendant Buckley was a previous occupant of the residence. Plaintiff also asserts that Jenessa Camper also admitted during preliminary that Kelsey Arnold was under the influence of Alcohol. Jenessa Camper also admitted that defendant Buckley's car was damaged, and a door handle was found in the driveway. The plaintiff fearing his life, asserts that he was not expecting Kelsey Arnold to attack him while leaving a hostile scene showing no aggression and acting within the fear of his life retreating from an actual threatened situation, Kelsey Arnold also admitted to the court that he wanted to fight Mr. Buckley With intent to harm Defendant, Mr. Arnold waited until Defendant was leaving the property as stated admitted by both parties under oath Jenessa Camper & Kelsey Arnold to harm Plaintiff.

## CONT. OF JURISDICTION HISTORY AND PARTIES WITH CONCLUSION

Kelsey Arnold was injured while the defendant was removing himself from the property owner's house even after being invited over. Let the record assert that due to self-aggression, intoxication, and bad choices Mr. Arnold hurt himself

chasing a moving car leaving property Owner Jenesa Camper's home. Also, later Jenesa Camper signed and bonded the plaintiff out of jail asserting Hyper link https://photos.app.goo.gl/8BXbdg4tLXdRCamper'sDf8N6 The only aggressor was Kelsey Arnold, who also stated in the preliminary that he wanted to fight Mr. Buckley. The exact statements stated by Jenessa Campers. (Property Owner) Therefore, the plaintiff shows all acts of self-defense-related issues to this matter. General Session Courts of the Henderson County case # 97865. Without prejudice and the courts within jurisdictions PUR. T.C.A 16-1o-102 (transfer of actions) and dismisses and asserts the facts that all parties stated that the defendant was leaving when the incident occurred showing no acts of aggression. Within fact, the only person showing aggression was Kelsey Arnold causing self-infliction while Dameion Buckley was evading a heated situation according to acts proving T.C.A 39-11-611.

## CONCLUSION WITH REMEDY

The plaintiff is in fear for his life because Officer Zachary Jeanes failed to mention the Plaintiff's Car door handle was broken off in the police report deterring the Plaintiff from having a fair trial. Officer Zachary Jeanes also stated that he was advised to arrest the Plaintiff and not to mention the Plaintiff's Car

Door handle being broken off. Officer Zachary Jeanes was the last person in possession of this Evidence that would exclude Plaintiff from such charges.

https://photos.app.goo.gl/DGv1jMo2biMvg6xMA The plaintiff seeks the dismissal of all charges and will not seek any other acts deemed fair with the district courts because the report was improperly written and may have been plotted out to Judicially attack the plaintiff and corrupt the plaintiff's life. See another example while The Plaintiff asserting being in fear for life and may be acts of retaliations due to Federal Court Case (1:2023cv01145)

                Respectfully Submitted, Dameion Buckley

                1295 Old Jackson Rd

                Lexington, TN 38351

                Draspberry05@bethelu.edu

/               Phone # 731-298-6565.