## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

DAMEION BUCKLEY,

      Plaintiff,

v.                                                    No. 1:24-cv-01040-JDB-jay

HENDERSON COUNTY SHERRIFF'S
DEPARTMENT,
ZACHARY JEANS

      Defendants.

---

DAMEION BUCKLEY,

      Plaintiff,

v.                                                    No. 1:24-cv-01099-JDB-jay

HENDERSON COUNTY,
ZACHARY JEANS

      Defendants.

---

## REPORT AND RECOMMENDATION

Plaintiff Dameion Buckley filed two pro se complaints in case numbers 1:24-cv-01040-JDB-jay and 1:24-cv-01099-JDB-jay. Plaintiff filed No. 1:24-cv-01040-JDB-jay ("Buckley I") against Defendants Henderson County Sheriff's Department and Officer Zachary Jeans alleging violation of his constitutional due process rights. (Docket Entry "D.E." 1) Subsequently, Plaintiff filed No. 1:24-cv-01099-JDB-jay as a "notice of removal" alleging damages against Henderson County and Officer Zachary Jeans regarding his pending criminal action in the Henderson County Circuit Court. ("Buckley II"). Based on the second filing, Plaintiff appears to reincorporate several

of the claims presented in Buckley I but includes Henderson County as a new Defendant. In both cases, Plaintiff filed motions to proceed in forma pauperis (Buckley I, D.E. 2; Buckley 2, D.E. 2.), which were subsequently granted (Buckley I, D.E. 8; Buckley 2, D.E. 8). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Plaintiff's complaints be dismissed sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

## I. PROPOSED FINDINGS OF FACT

Because the Complaint in Buckley II reasserts the claims in Buckley I, this Court will begin with a summary of the facts and claims as presented in Buckley I. In his Complaint, Plaintiff alleges that Officer Zachary Jeans and the Henderson County Sheriff's Department violated his Fifth, Tenth, and Fourteenth Amendment rights. (D.E. 1 at 3.) Plaintiff claims that his pending charges in the Henderson County General Session Court ("Henderson Circuit Court") are prejudiced by the intentional spoliation of evidence. (*Id.* at 3–4.) He alleges that Officer Jeans failed to collect a "car door handle" after his arrest on September 30, 2023, and without the door handle, Plaintiff is unable to have "a fair trial." (*Id.*) Under Plaintiff's theory, the door handle is necessary to prove his self-defense claim. (*Id.*) In support, Plaintiff provides a video recording of a purported conversation with Officer Jeans, in which the officer acknowledges that he did not collect the door handle after the arrest. (D.E. 18.) As to relief, Plaintiff seeks "the dismissal of all charges" due to the violation of his constitutional rights. (D.E. 1 at 7.)

In subsequent filings, Plaintiff alleges that the failure to collect the door handle resulted in

violation of his due process rights under the "Tennessee Government Tort Liability Act" and the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. (D.E. 6 at 2; D.E. 7 at 2.) Plaintiff seeks a "change of venue" from the Henderson Circuit Court to this Court (D.E. 9, 10, and 13.), or alternatively, dismissal of the "Circuit Court Case." (D.E. 19.) In these motions, Plaintiff seeks sanctions and removal under 28 U.S.C. § 1441. (*Id.* at 4, 9–13). In his latest motion, Plaintiff reasserts violations of his due process rights under the U.S. Constitution, pointing to "inadequate procedures" taken during the arrest, purported *Brady* violations due to the missing door handle, and illegal detention in the Henderson County Jail. (D.E. 27 at 1–2.) Plaintiff, for the first time, asserts "compensatory damages for mental and emotional distress," citing a § 1983 case for unconstitutional imprisonment. (*Id.* at 3–4 (citing *Carey v. Piphus*, 435 U.S. 247, 264 (1978)).) Plaintiff further contends that his pretrial motions filed with the Henderson Circuit Court have "not been acknowledged, nor heard" and "[e]vidence discovered has not been heard within the trial courts." (*Id.* at 3.)

Buckley II simply asserts a three page "notice of removal" along with several documents previously filed in Buckley I. (Buckley II, D.E. 1, 1-1, 1-2, 1-5.) The undersigned interprets this filing to be Plaintiff's reassertion of the above-mentioned Buckley I claims, as well as damages claims, against Officer Jeans and the newly identified Defendant, Henderson County. (Buckley II, D.E. 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A.    28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court

shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**B.     Standard of Review for Failure to State a Claim**

To determine whether Plaintiff's Complaints state a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions [] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed pro se is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded."). Nevertheless, pro se litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## C.   Defendant Henderson County Sheriff's Department

Plaintiff names the "Henderson County Sheriff's Department" as a defendant. (Buckley I, D.E. 1.) A sheriff's department is not a separate, suable entity apart from the county that operates the sheriff's department. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, to the extent that Plaintiff attempts to assert separate claims against the "Henderson County Sheriff's Department", those claims should be dismissed.

### D.      Removal and Younger Abstention

Plaintiff's attempt to remove his Henderson Circuit Court cases under 28 U.S.C. § 1441 is facially faulty. (D.E. 19 at 4, 9–13.) 28 U.S.C. § 1441 concerns removal of civil actions, and Plaintiff's cases in the Henderson Circuit Court are criminal. Thus, he cannot remove the case to this Court under that theory.

Absent an extraordinary circumstance, federal courts should abstain from enjoining a pending state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The Sixth Circuit dictates that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the function of state criminal proceedings." *Doe v. Univ. of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017). *Younger* abstention may be raised *sua sponte* by the Court. *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008). Although not necessarily a complete bar to exercising jurisdiction, *Younger* abstention is based upon "strong policies counseling against the exercise of such jurisdiction." *Id.* at 641 (citing *Ohio Civ. Rts. Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986)).

*Younger* applies when three conditions exist: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* at 643 (quoting *Sun Refining & Mktg. Co. Brennan*, 921 F.2d 635, 639 (6th Cir. 1990). The first condition is measured by the date the Plaintiff filed the case in federal court. *Nimer v. Litchfield Tp. Bd. Of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). When the three conditions are met, the Court may either dismiss or stay the case, depending on whether equitable or monetary relief is sought. *Id.* at 702. When the plaintiff seeks an equitable remedy, the Sixth Circuit recommends dismissal. *CSXT, Inc. v. Pitz*, 883 F.2d 468, 475 (6th Cir. 1989).

Application of *Younger* abstention may be overcome if a plaintiff demonstrates that the state proceeding is undertaken in bad faith, fraudulently, or for the purpose of harassment. *Am. Fam. Prepaid Legal Corp. v. Columbus Bar Ass'n,* 498 F.3d 328, 335–336 (6th Cir. 2007). A mere allegation of bad faith is insufficient; rather, the Plaintiff must make a plausible showing that the proceedings are being used solely for an illegitimate purpose "with no real hope of ultimate success." *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996); *Squire v. Coughlan*, 469 F.3d 551, 557 (6th Cir. 2006).

Here, all three of the conditions of *Younger* are present as it concerns Plaintiff's claims for dismissal and damages. First, both state proceedings that Plaintiff seeks federal removal and dismissal of are ongoing judicial proceedings as measured by the date of filing. *Nimer*, 707 F.3d at 701. Second, the proceedings concern criminal charges, which implicate important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000) (when a state criminal proceeding is pending at the time a plaintiff files a related federal complaint, the state criminal proceedings "would likely involve important state interests."). Third, there is an adequate opportunity for the Plaintiff to raise his Fourth, Fifth, Sixth, and Fourteenth Amendment concerns in the ongoing state proceedings because nothing under Tennessee state law bars "the interposition of [] constitutional claims." *See Am. Family Prepaid Legal Corp.*, 498 F.3d at 334. Plaintiff also cannot reasonably argue that state procedural law prevents him from raising his due process claims, as he may still raise these claims in subsequent state appeals. *See Nimer*, 707 F.3d at 701 (stating, plaintiffs "have not carried their burden in showing that state procedural law barred them from presenting their constitutional claims.")

Jurisdiction may be exercised as an exception to *Younger* abstention if a Plaintiff makes a sufficient showing that the state proceedings are undertaken in bad faith or fraudulently. *See Am.*

*Fam. Prepaid Legal Corp.*, 498 F.3d at 335–336. Accepting Plaintiff's allegations as true, as it must for the purpose of this screening, the Court finds that Plaintiff does not sufficiently state that Officer Jeans nor Henderson County is responsible for bad faith participation in the state proceedings. Plaintiff provides an inconclusive recording of a phone call purportedly with Officer Jeans, who explains why he did not gather the car door handle as evidence, but the video certainly does not demonstrate that Officer Jeans failed to collect the door handle in bad faith. (Buckley I, D.E. 18.) Plaintiff also failed to make any showing that Officer Jeans or Henderson County brought the cases against him for the "sole purpose" of violating his due process rights and that the state has "no real hope of ultimate success" on the state criminal charges he is facing. *See Fieger* 74 F.3d at 750 (finding that *Younger* abstention should apply where proceedings "were brought lawfully and instituted in good faith.") Even when the Plaintiff's claims are viewed charitably, there is no plausible allegation of bad faith raised by the Plaintiff that would overcome application of *Younger* abstention.

As to whether dismissal or stay is appropriate recourse, Plaintiff's requests for "change of venue" or "dismissal" of the Henderson Circuit Court cases concern equitable relief. Because these are equitable claims, they must be dismissed. *Nimer*, 707 F.3d at 702. Plaintiff also "seeks damages" for "compensatory damages for mental and emotional distress" (Buckley I, D.E. 27 at 3–4; Buckley II, D.E. 1 at 1–2.) "Because the state criminal proceeding can provide only equitable relief," Plaintiff cannot assert these damage actions in the course of the ongoing Henderson Circuit Court proceedings. *See Moses v. Weirich*, No. 15-2806-JDT-dkv, 2016 WL 11480129, at *7 (W.D. Tenn. Jan. 19, 2016) (citing *Deakins v. Monaghan*, 484 U.S. 193, 204 (1988)). Thus, the state proceedings are an inadequate forum for the damages claim against Officer Jeans and Henderson County, possibly warranting a stay as opposed to dismissal. *Id.*

Although "mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983," the Plaintiff's claims—liberally construed as § 1983 claims for unconstitutional imprisonment, violation of *Brady*, and bad faith failure to collect and preserve exculpatory evidence—fail to state a claim for which relief can be granted.[1] *Carey v. Piphus*, 435 U.S. 247, 264 (1978). *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Arizona v. Youngblood* 488 U.S. 51 (1988). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment," a plaintiff raising a § 1983 claim must prove the conviction has been reversed on appeal, expunged, declared invalid, or "called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *see also Pressler v. Nev. Dep't. of Pub. Safety*, 3:19-cv-00494-RCJ-WGC, 2019 WL 7340507, at *5 (D. Nev. Dec. 12, 2019) (applying the principles of *Heck* to a *Youngblood* claim for failure to collect evidence.). Plaintiff has not provided any evidence that his case has been reversed on appeal, expunged, called into question by a federal court, or otherwise declared invalid. Furthermore, "permitting a § 1983 action to proceed where success in the action would necessarily imply the invalidity of a criminal conviction" cannot be sustained. *D'Ambrosio v. Marino*, 747 F.3d 378, at 384 (6th Cir. 2014). Here, a potential judgment in favor of a § 1983 claim against Officer Jeans or Henderson County would "necessarily imply the invalidity" of his incarceration and ongoing state proceedings. *Id.* Thus, the monetary damages Plaintiff seek are not cognizable under § 1983. *Heck* 512 U.S. at 483. For these reasons, the undersigned recommends dismissal of the § 1983 and damages claims, as opposed to a stay.

---

[1] To bring an action under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and that such deprivation was caused by a person acting under color of state law. 42 U.S.C. § 1983; *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010). While a malicious-prosecution claim could also be fashioned out of the pleadings, Plaintiff will fail to prove a critical element of such a claim: "a plaintiff must allege termination of the prior criminal proceeding in their favor." *Moses* 2016 WL 11480129 at *8 (citations and quotations omitted).

## IV. RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the Court abstain from exercising jurisdiction over Plaintiff's claims for relief in Buckley I and Buckley II. Further, the Court recommends that both claims be dismissed sua sponte for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii).

RESPECTFULLY SUBMITTED, this the 3rd day of October, 2024.

<u>s/Jon A. York</u>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**